(Lucas County Common Pleas.)

JEROME STORMER v. BOARD OF COUNTY COMMISSIONERS OF LUCAS COUNTY, OHIO.

(1). Where it appears that the decennial appraisement of the real estate of a certain ward cannot possibly be completed and the assessment returned to the county auditor on or before the first Monday of July, as provided by sec. 2798, R. S., the ward assessor must continue the work until completed, and he is entitled, under sec. 2795, R. S., to his pay for the time after the first Monday of July, which, with proper diligence, will be required to complete the work.

(2). Sec. 2798, R. S., while mandatory and imperative as to the duties of the decennial ward appraisers of real estate, is directory as to the time in which they are to be performed.

(3). All enactments imposing duties impossible of performance within a given time are directory. Such statutes are understood as dispensing with the performance of what is prescribed, when performance is impossible, for the law in its most positive injunctions is understood to disclaim all intention of compelling impossibilities.

(4). Under sec. 2795, decennial ward assessors are entitled to no pay, except for time "necessarily employed," and the commissioners have full power to investigate the honesty and merit of every claim, and should do so.

BARBER, J.

Jerome Stormer was the decennial appraiser of real estate of the sixth ward of Toledo, Ohio, for 1900. He did not make his return on or before the first Monday of July, 1900, as provided in section 2798 of the Revised Statutes of Ohio. He was unable to complete his task of appraising until August 8th. He presented his bill for the thirty-one days work rendered after the first Monday in July to the commissioners of this county. His claim was disallowed. He brings this appeal. The case was heard in this court upon an agreed statement of facts. This shows that Stormer entered upon his duties promptly; that he diligently and faithfully performed them; and that both he and his assistant wasted no time; but, with all their diligence and promptness could not complete the appraisement and valuation of the real estate in the sixth ward until the date of its completion, to-wit, August 8th, 1900.

It will be seen to be conceded that the appraisement and valuation of the sixth ward, according to law before August 8th, was an impossibility.

The only legal question is, can Stormer recover his pay therefor?

Only one answer is possible. The law entitles him to the payment of his bill upon the agreed facts. The law is express. Section 2795, as amended last winter, provides that "such district assessor shall be entitled to receive the sum of four dollars for each day necessarily employed in the performance of his duties to be paid out of the county treasury." The agreed facts say he was necessarily employed these thirty-one days. There is no statutory provision anywhere to be found prohibiting the payment, or that in any manner modifies this express provision.

Section 2798, the only provision relied upon as a defense, provides that the assessor shall return to the auditor on or before the first Monday of July every piece of property in his ward with its description, value, etc. It is agreed in this case that this was an impossibility.

How could the assessor have made a return of the value of every piece of property, if the time was too short for its physical accomplishment? It is argued that he might have made return of what he had done and showed the auditor what he had not done. This is not a compliance with the law. It would have been non-performance of duty. Section 2798 fixing the time the assessor must make his return, pertains to the duties of the assessor, and not his pay.

While mandatory and imperative as to the performance of the assessor's duties, it is directory as to the time in which they are to be performed. The following authorities are clear and to the point: Endlich Int. Stat. Secs. 431-441, and cases cited. Cooley on Taxation, 2nd Ed., 280, 289, 17 Ohio St., 608.

All enactments imposing duties impossible of performance within a given time are directory. Such statutes are understood as dispensing with the performance of what is prescribed, when performance is impossible, for the law in its most positive injunctions is understood to disclaim all intention of compelling impossibilities.

This is a general rule of statutory construction. Endlich sec. 441.

Many of the authorities cited by counsel for defendant are not applicable to the provision of time in section 2798. The argument that unless the court holds the provision to be mandatory, the taxpayer will not get due notice and will thus be deprived of his constitutional right of due process of law is more fanciful than sound.

Counsel's contention that if the time is directory, still the acts of the assessor, so far as prejudicial to the taxpayer, are void, may be conceded. If conceded, the only prejudice to the taxpayer is the fact that he must pay· this bill.

Saying nothing about the benefit to the taxpayer in having a full return of all lands, it is conceded that under section 2802, the auditor could have employed Stormer these thirty-one days to complete the appraisement, and should have done so. It was further conceded in argument that had this been done, appellant could legally have been paid. The only inference possible from the agreed facts is that these thirty-one days of service would have been required by the auditor and paid for under section 2802. The taxpayer, therefore, is not prejudiced by the allowances of this bill.

It is extremely doubtful, however, if sec. 2802 applies at all to a case like this. This decision that this statute is directory rests upon broad grounds. This conclusion is reached from the reason of the law, the purposes to be accomplished, the necessities of the case and the authority of our courts.

"Where an act is of the essence of the thing required by law, or, in other words, where it is essential to accomplish the object of the law, it is imperative, but otherwise merely directory." 1 Ohio St., 171, 175.

Under section 2798 the essential thing is the proper valuation of the property according to law. This is mandatory, and the assessor can be made to perform his duty. As to time, it must be held to be directory. Otherwise, if the time be too short to perform the mandatory part of it, the assessor would have to work a miracle to keep out of jail and get his pay. If the assessor cannot perform his imperative duty under section 2798 within the time limit, he must still perform it as soon as he possibly can. When he has performed his imperative duty, the law says he shall have $4.00 per day for each day necessarily employed in its performance.

Decisions were cited from states where it has been held, under provisions quite similar to ours, that the time limited for the return was of the essence; that such provision was mandatory; and that a valuation made after such a time was void. They can not be followed. Such a construction of our section 2798 would be disastrous and intolerable. There can be little question, that this time limit as to the validity of the acts of the assessor will be held directory both upon principle and authority, if the courts ever reach its consideration. If it is not so held, a great many land-owners all over the state will escape taxation. It is not perceived, although so claimed in argument, how the law can be held directory in order to validate the returns of the assessor, but mandatory in order to invalidate his per diem.

It was asked where the limit was to

be made. If thirty days, why not six months? The law fixes the limit. The assessor is entitled to no pay, except for time "necessarily employed." The commissioners have full power to investigate the honesty and merit of every claim. They should do so. The record of the auditor shows that some of the wards were returned before the time expired. Some difficult wards—the 7th and 11th —were returned practically on time.

Negligence, waste of time or idleness, should not be paid for. They are all perfect defenses. The merit and justice of Stormer's claim is said to be beyond question. Had this not been so, the court would have heard evidence upon his diligence, the possibility of performance, and the reasons for delay in performance.

Judgment for plaintiff for $124, accordingly.

J. Y. Todd, for Plaintiff.

Hiram Van Campen, Jr., for Defend-